Martin B. Stecher, J.
This is an application brought pursuant to the provisions of CPLR article 78 seeking review of a determination made by the Commissioner of New York State Department of Social Services and the Commissioner of the New York City Department of Social Services striking the petitioner, Luisa Resek, from the .social services relief rolls of the City of New York. Although the respondents initially requested a transfer of the proceeding to the Appellate Division of the Supreme Court, First Judicial Department (CPLR 7804, subd. [g]), the petitioner has withdrawn her contention that the determination of the State Commissioner was without a substantial basis in evidence, the respondents appeared to have agreed to the withdrawal of such contention and to a determination of the issues by this court.
At a “fair hearing” held December 28, 1972, evidence was received in support of the city Commissioner’s determination that the petitioner had failed to keep the city department informed of changes in the petitioner’s financial circumstances and failed to provide requested information. The State Commissioner upheld the city Commissioner’s determination to strike Mrs. Resek from the rolls. The evidence was that her husband was alleged to have owned two automobiles, was alleged to have substantial debts, was alleged to have worked in various jobs, that he was alleged to have misled the respondents as to the places and nature of those jobs and that he, the husband, failed to provide proof of his last employer and proof of his accumulated debts. The charges against the petitioner herself were that she failed to provide the information requested of her husband and that she had not previously voluntarily reported the contributions which her husband had made to her support (sometimes contended to be perhaps $10 a month and sometimes “ less than the rent ”, two perfectly consistent statements).
. It appears that at the hearing, the petitioner produced her lease in accordance with the respondents’ request, a number of old bills which her husband had stated to be obligations which he had, but more significantly, she testified that he had abandoned her, that she believed he had left the United States, and that she had sought the assistance of Family Court to compel his contribution to her support and to the support of their two minor children. No evidence was introduced to rebut her contention of abandonment and no effort appears to have been, made to determine the truthfulness of her allegations concerning proceedings in the Family Court. The thrust of the opposition to this application appears to be that Mrs. Resek is *1033 unworthy of belief and, therefore, her contentions may be rejected without evidence.
The petitioner having withdrawn the claim that the determination had no basis in evidence, the court must accept the respondents ’ determination that petitioner failed to co-operate by withholding information, although it was actually sought of her husband.
If the determination to remove petitioner from the rolls is based on the allegation that a responsible relative, not residing in the household, refused to co-operate with the commission, it would appear from the rules and regulations of the Commissioner (18 NYCRR 351.7 [e] [1]) that such failure to co-operate is not a ground for denying or discontinuing assistance. If, however, the failure is that of a responsible relative who is living in the household, removal from the rolls may be accomplished except in the case of “ undue hardship ” (18 NYCRR 351.7 Ee] [2]).
Accepting for the moment the contention of the Commissioners implicit in their decision that the husband was a person living in the household, there was no determination that he continued to be such a person at the time the petitioner was cut off from public assistance or that an inquiry into the matter was even made. Nor does it appear that the Commissioner considered the petitioner’s contention that denying her public assistance would cause “ undue hardship ”.
It was the obligation of the respondents to consider both of these issues prior to depriving the petitioner and her infant children of this aid to dependent children. Accordingly, the matter will be remanded to the respondents for further investigation and hearing on the issue of whether or not the person who refused to co-operate with the commission was a “legally responsible relative residing outside or inside the petitioner’s household as of the date of the fair hearing ’ ’; and if it be determined that he was then a responsible relative residing within the petitioner’s household, the respondents shall further determine whether the deprivation of public assistance would cause “undue hardship ” to the petitioner or her minor children. Pending such hearing and further determination by the respondents, the respondents shall restore the petitioner to the public assistance rolls of the City of New York in accordance with her current needs as if the determination after “ fair hearing ” had not been made, with payments retroactive to the last payment actually made to her.